# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CHARLES E. WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-0352-CV-W-DW |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Charles E. Watkins appeals the denial of his applications for disability insurance benefits and supplemental security income. See 42 U.S.C. §§ 401-434; 42 U.S.C. §§ 1381-1383. After a hearing, an ALJ found that Watkins was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in

part. The main issue is whether the ALJ properly assessed Watkins's credibility. The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). In evaluating subjective complaints, the Commissioner must consider objective medical evidence, as well as any evidence relating to: (1) a claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. See id. at 1322; Guilliams, 393 F.3d at 802. The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

This Court concludes that the ALJ adequately considered the Polaski factors in concluding that Watkins's subjective complaints were inconsistent with the record as a whole. There is substantial evidence that Watkins exaggerated physical limitations to increase his chance of obtaining benefits. See Dodd v. Sullivan, 963 F.2d 171, 172 (8th Cir. 1992) (ALJ may consider financial motivation in seeking benefits). The record is replete with evidence of drug-seeking behavior, which may be considered in a credibility finding. See Anderson v. Shalala, 51 F.3d 777, 780 (8th Cir. 1995). Multiple physicians noted that Watkins consciously magnified the symptoms of his back and shoulder conditions, making it difficult to assess his functional abilities. See Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997) (noting that exaggeration of symptoms is a factor to be weighed in evaluating subjective complaints of pain). In addition, the ALJ properly relied on his "generally unpersuasive appearance and demeanor while testifying at the hearing." See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993). In sum, the ALJ

2

acknowledged and considered the Polaski factors, concluding that Watkins's complaints of disabling pain were "totally unsupported by the objective evidence of record." Substantial evidence supports that conclusion.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Watkins's applications for benefits is AFFIRMED.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: October 14, 2005